# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**YOVANI INFANTE MUNOZ**                                                                 **PETITIONER**

v.                                                                                                          No. 5:25-cv-217-BJB

**DONALD J. TRUMP, ET AL.**                                                              **RESPONDENTS**

\* \* \* \* \*

## OPINION & ORDER

Yovani Munoz is a Mexican citizen who, according to his habeas petition, has lived in the United States for nineteen years. *See* Petition (DN 1) at 1. ICE agents arrested him in Evanston, Illinois, transferred him to a detention center elsewhere in Illinois, and then moved him again to a detention facility in Hopkinsville, Kentucky. *Id.* at 6. The Government then began removal proceedings against him. *Id.* at 1–2. Munoz filed a writ of habeas corpus with this Court, alleging that his detention runs afoul of both the United States Constitution and Congress' limited authorization of pre-removal detention. *Id.* at 16–17.

After Munoz filed his petition, the immigration judge overseeing his case ordered his removal. *See* DN 25-2 at 5–7. Munoz now asks this Court to stay the removal order pending adjudication of his habeas petition because otherwise, he would be unable to "meaningfully participate in appellate proceedings," and because "equitable factors" weigh in his favor. Motion for Stay of Removal Order (DN 25) at 1–2 (seeking stay "pending a full decision on his Habeas Corpus petition, to ensure he is not removed from the country before his petition is adjudicated").

But Munoz identifies no law authorizing this Court to grant his request for a stay. Nor can the Court perceive any reason that would warrant judicial intervention in Munoz's removal proceedings.

Generally, federal immigration regulations automatically stay a removal order for 30 days so that the subject of the order can appeal the immigration judge's determination. 8 C.F.R. § 1003.6(a). During an appeal, the Board of Immigration Appeals has the discretion to extend the stay. § 1003.6(b). After the BIA issues a decision, federal courts of appeals may stay removal orders during their review. 8 U.S.C. § 1252(b)(3)(B).

Yet none of the rules granting those tribunals authority to stay removal give like power to the federal district courts. Federal district courts "are not courts of general jurisdiction; they have only the power that is authorized by Article III of the

1

Constitution and the statutes enacted by Congress." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Congress has clearly limited this Court's jurisdiction: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). Congress "enacted [this provision] to limit the jurisdiction of federal courts," and that jurisdictional limitation forbids them to enjoin the Government's execution of removal orders. *Hamama v. Adducci*, 912 F.3d 869, 874–75 (6th Cir. 2018). So this Court has no statutory authorization to grant the relief that Munoz seeks—and indeed lacks jurisdiction to consider his relief request, regardless of its source in positive law or equity.

Notably, Munoz's petition addresses only the lawfulness of his detention, not his removability. *See* Petition at 16–17. The Executive Branch adjudicates questions concerning removal, however, and the Judiciary reviews those determinations only in the courts of appeals. 8 U.S.C. §§ 1229a(a), 1252(a)(1). Munoz is not obviously without redress—he can appeal to the BIA, and then to the court of appeals, to challenge his removal order. But this Court lacks the ability to review the immigration judge's decision.

Even if the Court reached the merits of the motion to stay, the request would fail. To stay a removal order, Munoz must "ma[ke] a strong showing that he is likely to succeed on the merits," demonstrate that he "will be irreparably injured absent a stay," *and* show that the stay will not "substantially injure" the Government. *Nken v. Holder*, 556 U.S. 418, 434 (2009). That showing is not apparent here.

Munoz argues that he will be "successful on the merits" because he is "likely to be found to at least be statutorily and constitutionally entitled to a bond hearing[.]" Motion at 2. The unlawfulness of his detention is the "central question" in Munoz's habeas petition. *Id.* But neither the petition nor the motion makes any argument— much less a "strong showing"—that he will be successful in challenging his removal order. *Nken*, 556 U.S. at 434. And since removal—not detention—is the matter for which Munoz seeks a stay, he must provide an argument that he will succeed on the merits of the *removal* appeal. *See Brooks v. Bobby*, 660 F.3d 959, 961 (6th Cir. 2011) (requiring petitioner to prove "likelihood he will succeed on the merits of *the appeal*" at issue) (quoting *Bedford v. Bobby*, 645 F.3d 372, 375 (6th Cir. 2011)). He fails to make any such showing in his motion or his habeas petition.

Munoz also argues that he would be "irreparably harmed" if removed because federal law would prevent him from reentering the United States for at least ten years. *See* Motion at 2 (citing 8 U.S.C. §§ 1182(a)(9)(A); (a)(9)(B)(i)(II)). But as the Supreme Court has explained, "the burden of removal alone cannot constitute the requisite irreparable injury." *Nken*, 556 U.S. at 435. Munoz should still be able to

"pursue [his] petitio[n] for review, and [if he] prevail[s] can be afforded effective relief by facilitation of [his] return, along with restoration of the immigration status [he] had upon removal." *Id.*

Munoz fares no better by arguing that removal would moot this habeas case. True, if removed, Munoz will no longer be able to seek relief on this unlawful-detention claim. But that is because removal would end the allegedly unlawful detention of which he complains—albeit not in the way he prefers. Munoz would therefore need to demonstrate some *other* irreparable harm to justify a stay. Because Munoz does not provide any "additional arguments showing why his removal during appeal would cause him irreparable harm," he cannot satisfy this factor. *Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025).

Munoz finally argues that the stay would "not harm the government's interest" because the removal order "will not become final until after his appeal is heard by the [BIA]." Motion at 2. This argument, however, only highlights that the BIA and the court of appeals—not this Court—are the proper institutions from which to seek a stay. *See* 8 C.F.R. § 1003.6(a)–(b); 8 U.S.C. § 1252(b)(3)(B). And in any event, as Munoz concedes in his motion, "[t]here is always a public interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings" established by Congress. *Nken*, 556 U.S. at 436; *see also* Motion at 2 ("[T]here is a public interest in quick execution of removal orders.").

Munoz fails to demonstrate a likelihood of success on the merits of his removal appeal. Nor does he establish that the absence of a stay will irreparably harm him. And since a stay would prejudice the Government's interests, the *Nken* factors do not support a stay.

## ORDER

Because Munoz falls short of showing "that the Court should exercise its discretion to award this extraordinary form of equitable relief," *Sarkisov*, 138 F.4th at 979, and because the request seemingly lies beyond the Court's authority in any event, the Court denies the motion for stay (DN 25).

Benjamin Beaton, District Judge
United States District Court

March 11, 2026

3